{1} This appeal, having been heretofore placed on the accelerated calendar, is being considered pursuant to App. R. 11.1(E) and Loc. R. 12. Pursuant to Loc. R. 12(5), we have elected to issue a full opinion in lieu of a judgment entry.
{2} Sandra Roa appeals the judgment and order of the Seneca County Court of Common Pleas, Juvenile Division, granting custody of her daughter, Delee Alexis Galan, to Edward Galan and Rebecca Galan. Finding none of the arguments advanced on appeal to have merit, we affirm the decision below.
{3} The pertinent facts and procedural history are as follows. Delee Galan is the daughter of appellant Sandra Roa and Thomas Galan. Delee's parents never married. From the time Delee was born until she was approximately four years old, she and her parents lived in the Fostoria, Ohio, home of Delee's paternal grandparents, Edward and Rebecca Galan ("the Galans"), the appellees herein. Over the course of these years, Rebecca Galan was Delee's primary caretaker.
{4} When she was four years old, Delee and Sandra moved in with Sandra's parents in Leipsic, Ohio. Here too, Sandra left Delee's primary care to the hands of another, Delee's maternal grandmother. One year later, Delee and Sandra moved into a one-bedroom apartment, but shortly thereafter returned to Sandra's parents' home.
{5} While in Leipsic, Delee was enrolled in the Leipsic school system for kindergarten and for a portion of her first grade year. During this time, her mother met her boyfriend Danny Jaso, who was a convicted drug felon. Sandra then moved with Jaso to Toledo, Ohio, to live with Jaso in his mother's house. This move prompted Sandra to place Delee back into in the care of Edward and Rebecca Galan in Fostoria, and Delee began living with her paternal grandparents on December 3, 1999.
{6} In 2001, Sandra moved back to Leipsic, Ohio, and leased a two-bedroom apartment. She also obtained employment at Fox Run Manor in Findlay, Ohio. Sandra advised Delee that Delee would be coming to stay with Sandra. Shortly thereafter, the Galans initiated a complaint for the custody of Delee pursuant to R.C. 2151.23(A)(2). The Galans alleged that both of Delee's biological parents were unfit to have custody of Delee; that Sandra voluntarily relinquished custody of Delee to the Galans on December 3, 1999; that over the past two years Delee had only sporadic minimal contact with her mother; and that it would be in Delee's best interest to remain in the custody of her paternal grandparents. The Galans also requested temporary custody of Delee during the pendency of the case. The trial court granted the Galans' request for temporary custody, and a permanent custody hearing was scheduled before the magistrate on September 12, 2001.
{7} A two-day hearing was held before the magistrate featuring testimony by fifteen witnesses. The magistrate's decision of November 25, 2001, found by clear and convincing evidence that Sandra and Thomas were not suitable custodians and had forfeited their parental custodial rights. The magistrate also found by clear and convincing evidence that it would be in Delee's best interest to be placed in the Galans' custody. Objections to the magistrate's decision were raised by Sandra, specifically, with regard to the present appeal, challenging the magistrate's interpretation of case law relied upon by the court.[1]
The trial court scheduled the matter for hearing on April 10, 2002. By final judgment entry of November 8, 2002, the trial court found Sandra to be unfit to raise Delee and awarded custody of Delee to the Galans.
{8} Appellant now appeals asserting five assignments of error for our review which, for purposes of clarity and brevity, we elect to address together.
ASSIGNMENT OF ERROR NO. I
{9} "The trial court erred and abused its discretion in upholding the magistrate's decision granting the complaint for custody filed by Ed and Rebecca Galan because the evidence presented failed to meet the burden of proof by a preponderance of the evidence."
ASSIGNMENT OF ERROR NO. II
{10} "The trial court erred and abused its discretion in upholding the magistrate's decision finding that a contract for relinquishment of Delee to the Galans existed."
ASSIGNMENT OF ERROR NO. III
{11} "The trial court erred and abused its discretion in upholding the magistrate's finding that Sandra Roa is an unsuitable parent for custody of Delee, because such finding is unsupported by the evidence."
ASSIGNMENT OF ERROR NO. IV
{12} "The trial court erred and abused its discretion in upholding the magistrates [sic] finding that Sandra Roa had failed to support Delee Galan, because such finding is unsupported by the evidence."
ASSIGNMENT OF ERROR NO. V
{13} "The trial court erred and abused its discretion in upholding the magistrates [sic] finding that an award of custody of Delee Galan to Sandra Roa would be detrimental to the child, because such finding is unsupported by the evidence."
{14} In her five assignments of error, Sandra challenges the trial court's award of custody of Delee to Edward and Rebecca Galan. Specifically, Sandra contends that the trial court's findings, pursuant toIn re Perales,[2] were unsupported by the evidence.
{15} As a preliminary matter, we note that a trial court has broad discretion in custody matters.[3] Therefore, we will not reverse a trial court's finding absent an abuse of discretion.[4] An abuse of discretion implies more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.[5]
Our only inquiry is whether the trial court abused its discretion in granting custody of Delee to her paternal grandparents, Edward and Rebecca Galen. For the following reasons, we find no such abuse of discretion.
{16} The case herein involves a child custody dispute initiated in juvenile court pursuant to R.C. 2151.23(A)(2). Generally, custody proceedings between a parent and a nonparent are governed by the rule set forth by the Supreme Court of Ohio in Perales: "In an R.C. 2151.23(A)(2) child custody proceeding, the hearing officer may not award custody to the nonparent without first making a finding of parental unsuitability — that is, without first determining that a preponderance of the evidence shows that the parent abandoned the child, that the parent contractually relinquished custody of the child, that the parent has become totally incapable of supporting or caring for the child, or that an award of custody to the parent would be detrimental to the child."[6]
 {17} Unlike the "best interest of the child" test enunciated in R.C. 3109.04, which looks to the best custodial situation for the child and places the child there, Perales presumes parental custody to be in the child's best interest.[7] However, that presumption is overcome if the trial court determines by a preponderance of the evidence that placement with a parent will be detrimental to the child.[8] Thus, underPerales, "parents who are `suitable' persons have a `paramount' right to the custody of their children unless they forfeit that right by contract, abandonment, or by becoming totally unable to care for and support those children."[9]
 {18} The trial court's judgment entry of November 8, 2002, reveals that, in the trial court's opinion, Sandra contractually relinquished custody of Delee to the Galans on December 3, 1999, and that an award of custody to her mother would be detrimental to Delee. It is manifest that "a trial court's determination of whether a parent has forfeited his or her paramount right to custody is a factual determination that will not be reversed by a reviewing court if it is supported by some reliable, credible evidence."[10] Having thoroughly reviewed the record in this case, we cannot say that the trial court abused its discretion in finding that Sandra was an unsuitable parent.
{19} There is competent, credible evidence to support the assertion that Sandra contractually relinquished custody of Delee and that if Sandra were to regain custody of Delee it would be detrimental to the child. With respect to contractual relinquishment of custody, the record reflects that Delee was voluntarily placed with the Galans by her mother on December 3, 1999, when Edward picked Delee up from her school in Leipsic by agreement. That evening Sandra and Rebecca had a telephone conversation wherein Sandra placed Delee in the Galans' custody for an indefinite period of time. Both parties confirm the existence of the agreement. Sandra testified that it was her intent, at the time, to leave Delee with the Galans forevermore. Sandra also stated that the Galans believed that Delee was going to be in their care until she reached 18 years of age. Rebecca too stated that she believed that Delee was going to be in their custody "forever" and that she was going to raise Delee.
{20} Other testimony supports the trial court's additional finding that Delee's placement with Sandra would also be detrimental to the child. Multiple witnesses testified that during the first four years of Delee's life when Sandra and her child lived in the Galans' home, Rebecca was the child's primary caretaker. When Sandra and Delee moved in with Sandra's parents, it was Sandra's mother who was Delee's primary caretaker. The record reflects that the only time Sandra was primarily responsible for Delee was the brief period when Sandra rented a one-bedroom apartment in Leipsic, before she and the child returned to Sandra's parents' home.
{21} Further, the evidence that Sandra consistently placed her own needs above those of her daughter was also properly considered by the trial court as indicia of unsuitability. After meeting her boyfriend Danny, Sandra moved to Toledo to be with Danny uprooting Delee once again. At this time, Delee was a student in first grade and was just weeks away from completing the second quarter of the school year. Because of her mother's move and the child's placement in the custody of her paternal grandparents, Delee was never able to complete the second quarter at St. Wendolyn Elementary. With respect to her new school, witnesses at St. Wendolyn's testified that Sandra never attended a parent-teacher conference and that two years passed before the school had Sandra's address. Witnesses also testified that Sandra's visitation, up until the filing of the Galan's complaint for custody, was sporadic.
{22} Additionally, the court weighed the testimony of Delee herself. During her in camera interview, Delee stated that she would like to continue to reside with the Galans and enjoys living in their home. Multiple witnesses testified that Delee was a happy child, maintained an A/B average, and was active in school and extra-curricular activities.
{23} The aforementioned testimony provides a credible basis for the trial court's finding. The trial court's decision that appellant Sandra Roa contractually relinquished custody of her daughter to the Galans on December 3, 1999 is supported by competent, credible evidence. Moreover, the trial court's additional finding that an award of custody to Sandra would be detrimental to Delee is also supported by the evidence. For the foregoing reasons, we cannot say that the trial court abused its discretion in finding Sandra to be an unsuitable parent.
{24} Accordingly, Appellant's five assignments of error are not well taken and are overruled.
{25} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 BRYANT, P.J., and SHAW, J., concur.
[1] Thomas Galen proclaims that he is an unsuitable parent and does not challenge the trial court's decision.
[2] (1977), 52 Ohio St.2d 89.
[3] Booth v. Booth (1989), 44 Ohio St.3d 142, 144.
[4] Bechtol v. Bechtol (1990), 49 Ohio St.3d 21, 23.
[5] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[6] Perales, 52 Ohio St.2d at syllabus.
[7] In re Holycross (Feb. 24, 1999), Seneca App. No. 13-98-60;In re Porter (1996), 113 Ohio App.3d 580, 589.
[8] Holycross, Seneca App. No. 13-98-60.
[9] Perales, 52 Ohio St.2d at 97.
[10] Holycross, Seneca App. No. 13-98-60.